IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JAMES JONES,

        Plaintiff,                    No. 2:12-cv-00633 TLN DAD P

    vs.

A.Z. SCOTTLAND, et al.,

        Defendants.            ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. This proceeding was referred to the undersigned in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Screening Requirement**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, however, the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with

2

the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. In his amended claim, plaintiff must separately identify each of his claims, the constitutional amendment or federal law upon which the particular claim is based, the defendants named with respect to each claim, and set forth supporting factual allegations with respect to each claim. Below, the court will provide plaintiff with guidance as to the legal requirements applicable to each of the claims it appears he is attempting to present.

**II. Plaintiff's Claims**

      **A. Eighth Amendment Claim - Conditions of Confinement in Holding Cell**

      In his complaint, plaintiff alleges as follows. On May 11, 2010, he was confined in a holding cage for three hours, forced to remain standing even though he is mobility impaired and denied use of the bathroom. As a result, plaintiff's right knee became swollen and painful. Plaintiff names defendants Clark, Ruiz, Singler and Scottland[1] with respect to this claim.

      Prison officials have a duty to provide humane conditions of confinement and therefore must ensure that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). However, only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

/////

---

[1] Plaintiff has used two different spellings in naming this defendant. Defendant "Scottland" is named in the caption of the complaint but in other passages of the complaint this defendant's name is spelled, "Scotland." Plaintiff should clarify the correct spelling of this defendant's name in any amended complaint he elects to file.

3

"[A] prison official violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The second requirement, flowing from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, is a subjective one; "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have had a 'sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." Id. (quoting Wilson, 501 U.S. at 302-03.)

In his amended complaint, plaintiff must set forth factual allegations that, if proven, would show that each of the named defendants was aware of plaintiff's confinement in the holding cage and was deliberately indifferent about the conditions of that confinement impacting plaintiff's health. Lastly, plaintiff is advised that as a convicted state prisoner a claim challenging the conditions of his confinement is based on the Eighth Amendment and not the Fourteenth Amendment. Therefore, in any amended complaint he elects to file, plaintiff should challenge the conditions of his confinement under Eighth Amendment standards.

**B. Eighth Amendment - Excessive Force**

It also appears that plaintiff is attempting to allege two incidents involving claimed excessive use of force by the defendants. First, plaintiff alleges that when he was in the holding cell, he was forced to remain standing for three hours despite his medical condition and that this situation constituted an excessive use of force against him. Second, plaintiff claims that excessive force was involved when his hands were cuffed behind his back and he was forced to walk to AdSeg. (Doc. No. 1 at 5-6.)

When prison officials are accused of using excessive force on an inmate in violation of the Eighth Amendment, the relevant inquiry is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very

4

purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). "Force does not amount to a constitutional violation . . . if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" Clemente v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (quoting Whitley, 475 U.S. at 320-21). See also Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).

Plaintiff is advised that to succeed on an excessive force claim, he must allege and establish that defendant unnecessarily and wantonly inflicted pain. See Whitley, 475 U.S. at 320; see also Jeffers v. Gomez, 267 F.3d 895, 900 (9th Cir. 2001). Under Whitley, the relevant factors in determining whether a use of force violated the Eighth Amendment are: (1) the need for use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; (5) any efforts made to temper the severity of the forceful response. Id. at 321. See also Hudson, 503 U.S. at 7. "[T]he absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." Jordan, 986 F.2d at 1528, n. 7. The Supreme Court has reiterated that the Eighth Amendment may be violated by the use of excessive force against a prison inmate "'[even] when the inmate does not suffer serious injury.'" Wilkins v. Gaddy, 559 U.S. 34, ___, 130 S. Ct. 1175, 1176 (2010) (quoting Hudson, 503 U.S. at 4). While the extent of an inmate's injury is relevant to the Eighth Amendment inquiry, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins, 130 S. Ct. at 1178. At the same time:

> [N]ot "every malevolent touch by a prison guard gives rise to a federal cause of action." [Hudson,]503 U.S. at 9, 112 S. Ct. 995. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Ibid. (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly

////

fails to state a valid excessive force claim. Ibid. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)).

Wilkins, 130 S. Ct. at 1178. See also Hudson, 503 U.S. at 7-9; Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

      Should plaintiff decide to proceed with an excessive use of force claim based on his retention in the holding cell, he must set forth factual allegations in support of such a claim that, if proven, would meet the applicable legal standards set forth above. See also Danley v. Allen, 540 F.3d 1298, 1308 (11th Cir. 2008) ("[S]ubjecting a prisoner to special confinement that causes him to suffer increased effects of environmental conditions . . . can constitute excessive force."), overruled in part on other grounds in Randall v. Scott, 610 F.3d 701 (11th Cir. 2008); Cornwell v. Dahlbert, 963 F.2d 912, 915 (6th Cir. 1992) (construing prisoner/plaintiff's claim as an excessive force claim based on plaintiff's allegations that he was forced to lie face-down in the mud in 40-44 degree temperatures). As to the handcuffing while walking to administrative segregation, plaintiff must set forth additional factual allegations to support an excessive force claim with respect to that incident. It is not clear from his complaint whether plaintiff is alleging that the handcuffing caused him pain or injury or whether plaintiff is claiming that the handcuffing was unnecessary or both. It is also unclear from the allegations of his complaint whether force was used to keep plaintiff walking as he made his was to administrative segregation at the direction of correctional officers. For both of these excessive use of force claims, plaintiff must allege facts that explain how each named defendant was involved, the type of force that was allegedly used, and show that each defendant intended to cause plaintiff harm and was aware that plaintiff was in pain or discomfort as a result of their actions.

      Finally, plaintiff is again advised that the Eighth Amendment and not Fourth Amendment standards govern an excessive use of force claim brought by a convicted state prisoner such as himself.

/////

**C. Americans with Disabilities (ADA) Claim**

It is also not made clear by plaintiff's complaint whether he is attempting to raise a separate ADA claim or is simply alleging facts with respect to his alleged disability in support of his Eighth Amendment claim in connection to his placement in the holding cell. If plaintiff is attempting to allege a separate cause of action under the ADA, he is advised of the following applicable legal standards.

The Americans with Disabilities Act provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To state a cognizable claim under the ADA a plaintiff must allege and ultimately prove that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); see also Marsh v. Vegianelli, No. 1:09-cv-01243-GSA-PC, 2011 WL 1584444 (E.D. Cal. April 26, 2011) ("[I]n order to state a claim under the ADA . . ., Plaintiff must have been 'improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap.'") (citing Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997)). Therefore, if plaintiff wishes to allege a cause of action under the ADA, in any amended complaint he elects to file he must allege facts addressing each of these elements.

In addition, plaintiff is advised that the proper defendant with respect to any ADA claim he might bring is a public entity, such as the California Department of Corrections and Rehabilitation. Individual defendants who evaluated or processed his inmate appeals or are policy-makers, are not a public entity and are not a proper party to an action under the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

7

**D. Due Process Claim - False Rules Violation Report and Procedural Violations**

Plaintiff also alleges in his complaint that the prison rules violation report issued against him for making "false allegations against a peace officer" (Log No. S4-10-05-0285) was "bogus" and that at the hearing on that disciplinary charge he was denied his rights to present a defense, to the effective assistance of an investigative employee, to call and question witnesses, and to have a timely hearing. (Doc. No. 1 at 7 & 10.)[2]

Plaintiff is advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, while plaintiff can challenge his prison disciplinary conviction itself by way of federal habeas action after exhausting his claim to relief before the highest state court, he cannot state a cognizable due process claim concerning his disciplinary hearing in this civil rights action.

To the extent plaintiff suggests in his complaint that the rules violation report issued against him was falsified or unjustified, plaintiff is advised that such a claim would appear to be barred by the decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486. Where a judgment in plaintiff's favor would necessarily invalidate his conviction or sentence the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. Id. The holding in Heck applies in the context of prison disciplinary convictions where the loss of good time credits is assessed. See Edwards v. Balisok, 520 U.S.

---

[2] Plaintiff was allegedly found guilty of that disciplinary charge and assessed a 60-day loss of worktime credits. (Doc. No. 1-1 at 29.)

641, 648 (1997) (claims for declaratory relief and money damages challenging prison disciplinary hearing procedures were Heck-barred because the nature of the allegations, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing); see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("Heck, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.")  Thus, plaintiff may not pursue such a due process claim in a civil rights action until he has been successful in having the prison rules violation conviction reversed, expunged or declared invalid.

### E. First Amendment Claim - Retaliation[3]

Plaintiff also alleges that because he reported the sexual assault of inmate Albertha to the sexual assault hotline and because he submitted a "group appeal" alleging staff negligence in the suicide of inmate Brown, he has been subjected to retaliation by the defendants. Plaintiff alleges that the specific retaliatory actions taken against him by the defendants involved the withdrawal of money from his trust account, the issuance of false disciplinary reports against him and a recommendation that he be transferred to another facility.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) an assertion that a state actor took some adverse action against an inmate[4] (2) because of (3) that

---

[3] Plaintiff is advised that his retaliation claim is governed by First Amendment standards, not the Fifth or Fourteenth Amendments as alleged in his complaint.

[4] For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006). See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To show that the adverse action was taken because of protected conduct[5], there must be evidence linking the alleged retaliation to the exercise of a constitutional right. See Mt. Healthy City School Dist. Bd. Of Educ, 429 U.S. at 287 ("[I]n this case, the burden was properly placed upon [the plaintiff] to show that his conduct was constitutionally protected, and that this conduct was a 'substantial factor' or to put it in other words, that it was a 'motivating factor' in the [alleged retaliatory conduct]"); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). However, retaliation may also be inferred from the timing and nature of the alleged retaliatory activities. Pratt, 65 F.3d at 808 (citing Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989)).

      The Ninth Circuit has found that preserving institutional order, discipline and security are legitimate penological goals which, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners."). The burden is thus on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. See Pratt, 65 F.3d at 808 ("[Plaintiff] must show that there were no legitimate correctional purposes motivating the actions he complains of.").

/////

/////

---

[5] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes, 408 F.3d at 567. Prison officials may not retaliate against prisoners for exercising these rights. Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

Should plaintiff elect to proceed with a retaliation claim in this action, in any amended complaint he elects to file he must allege facts clearly identify the defendants with respect to such a claim, describing the protected conduct he was engaged in, demonstrating a link between that protected conduct and the adverse action taken, and explaining how the defendants' action failed to reasonably advance a legitimate correctional goal.

### F.  Placement and Retention in Administrative Segregation

Finally, plaintiff alleges that his due process rights under the Fourteenth Amendment were violated by his placement and retention in administrative segregation. Plaintiff is advised that when prison officials determine that a prisoner should be segregated for administrative reasons, due process requires the following minimal procedures:

> Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated.  The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation.  Prison officials must allow the prisoner to present his views.
>
> We specifically find that the due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation.  We also find that due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation.

Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  The retention of a prisoner in administrative segregation must also be subject to periodic review.  Id. at 1101.  To state a cognizable due process claim in this regard, however, plaintiff must allege facts in any amended complaint he elects to files explaining how the named defendants' conduct failed to satisfy these Fourteenth Amendment standards.

### III.  The Amended Complaint

As noted above, if plaintiff chooses to file an amended complaint he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal

constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and answer each question; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

/////

3. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a § 1983 action.

DATED: April 8, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jone633.14

13