1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LESLIE JAMES JONES,

11          Plaintiff,                    No. 2:12-cv-00633 TLN DAD P

12      vs.

13   A.Z. SCOTTLAND, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

17   § 1983.  Plaintiff has paid the filing fee.  This proceeding was referred to the undersigned in

18   accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

19   **I.  Screening Requirement**

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

25   U.S.C. § 1915A(b)(1) & (2).

26   /////

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

12  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

13  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

17  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

18  resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19      Here, however, the allegations in plaintiff's complaint are so vague and

20  conclusory that the court is unable to determine whether the current action is frivolous or fails to

21  state a claim for relief.  The complaint does not contain a short and plain statement as required by

22  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

23  must give fair notice to the defendants and must allege facts that support the elements of the

24  claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

25  1984).  Plaintiff must allege with at least some degree of particularity overt acts which

26  defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with

1   the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

2   however, grant leave to file an amended complaint.  In his amended claim, plaintiff must

3   separately identify each of his claims, the constitutional amendment or federal law upon which

4   the particular claim is based, the defendants named with respect to each claim, and set forth

5   supporting factual allegations with respect to each claim.  Below, the court will provide plaintiff

6   with guidance as to the legal requirements applicable to each of the claims it appears he is

7   attempting to present.

8   **II.  Plaintiff's Claims**

9           **A.  Eighth Amendment Claim - Conditions of Confinement in Holding Cell**

10          In his complaint, plaintiff alleges as follows.  On May 11, 2010, he was confined

11  in a holding cage for three hours, forced to remain standing even though he is mobility impaired

12  and denied use of the bathroom.  As a result, plaintiff's right knee became swollen and painful.

13  Plaintiff names defendants Clark, Ruiz, Singler and Scottland[1] with respect to this claim.

14          Prison officials have a duty to provide humane conditions of confinement and

15  therefore must ensure that inmates receive adequate food, clothing, shelter, and medical care, and

16  take reasonable measures to guarantee the safety of inmates.  Hudson v. Palmer, 468 U.S. 517,

17  526-27 (1984).  However, only "unnecessary and wanton infliction of pain" constitutes cruel and

18  unusual punishment forbidden by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319

19  (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06

20  (1976).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize

21  the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at

22  319.

23  /////

24  _____

25      [1] Plaintiff has used two different spellings in naming this defendant.  Defendant
    "Scottland" is named in the caption of the complaint but in other passages of the complaint this
    defendant's name is spelled, "Scotland."  Plaintiff should clarify the correct spelling of this

26  defendant's name in any amended complaint he elects to file.

1      "[A] prison official violates the Eighth Amendment only when two requirements

2   are met." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  "First, the deprivation alleged must be,

3   objectively, 'sufficiently serious.'" <u>Id.</u> (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).

4   The second requirement, flowing from the principle that only the unnecessary and wanton

5   infliction of pain implicates the Eighth Amendment, is a subjective one; "[t]o violate the Cruel

6   and Unusual Punishments Clause, a prison official must have had a 'sufficiently culpable state of

7   mind.'" <u>Id.</u> (quoting <u>Wilson</u>, 501 U.S. at 297).   "In prison-conditions cases that state of mind is

8   one of 'deliberate indifference' to inmate health or safety . . . ." <u>Id.</u>  (quoting <u>Wilson</u>, 501 U.S. at

9   302-03.)

10      In his amended complaint, plaintiff must set forth factual allegations that, if

11   proven, would show that each of the named defendants was aware of plaintiff's confinement in

12   the holding cage and was deliberately indifferent about the conditions of that confinement

13   impacting plaintiff's health.  Lastly, plaintiff is advised that as a convicted state prisoner a claim

14   challenging the conditions of his confinement is based on the Eighth Amendment and not the

15   Fourteenth Amendment.  Therefore, in any amended complaint he elects to file, plaintiff should

16   challenge the conditions of his confinement under Eighth Amendment standards.

17      **B.  Eighth Amendment - Excessive Force**

18      It also appears that plaintiff is attempting to allege two incidents involving

19   claimed excessive use of force by the defendants.  First, plaintiff alleges that when he was in the

20   holding cell, he was forced to remain standing for three hours despite his medical condition and

21   that this situation constituted an excessive use of force against him.  Second, plaintiff claims that

22   excessive force was involved when his hands were cuffed behind his back and he was forced to

23   walk to AdSeg.  (Doc. No. 1 at 5-6.)

24      When prison officials are accused of using excessive force on an inmate in

25   violation of the Eighth Amendment, the relevant inquiry is whether the force was applied in a

26   good faith effort to maintain or restore discipline, or maliciously and sadistically for the very

4

1   purpose of causing harm.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Hudson v.

2   McMillian, 503 U.S. 1, 6-7 (1992).  "Force does not amount to a constitutional violation . . . if it

3   is applied in a good faith effort to restore discipline and order and not 'maliciously and

4   sadistically for the very purpose of causing harm.'"  Clemente v. Gomez, 298 F.3d 898, 903 (9th

5   Cir. 2002) (quoting Whitley, 475 U.S. at 320-21).  See also Jordan v. Gardner, 986 F.2d 1521,

6   1528 (9th Cir. 1993) (en banc).

7           Plaintiff is advised that to succeed on an excessive force claim, he must allege and

8   establish that defendant unnecessarily and wantonly inflicted pain.  See Whitley, 475 U.S. at 320;

9   see also Jeffers v. Gomez, 267 F.3d 895, 900 (9th Cir. 2001).  Under Whitley, the relevant

10  factors in determining whether a use of force violated the Eighth Amendment are:  (1) the need

11  for use of force; (2) the relationship between the need for force and the amount used; (3) the

12  extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the

13  plaintiff to pose to staff and inmate safety; (5) any efforts made to temper the severity of the

14  forceful response.  Id. at 321.  See also Hudson, 503 U.S. at 7.  "[T]he absence of an emergency

15  may be probative of whether the force was indeed inflicted maliciously or sadistically."  Jordan,

16  986 F.2d at 1528, n. 7.  The Supreme Court has reiterated that the Eighth Amendment may be

17  violated by the use of excessive force against a prison inmate "'[even] when the inmate does not

18  suffer serious injury.'"  Wilkins v. Gaddy, 559 U.S. 34, ___, 130 S. Ct. 1175, 1176 (2010)

19  (quoting Hudson, 503 U.S. at 4).  While the extent of an inmate's injury is relevant to the Eighth

20  Amendment inquiry, "[i]njury and force . . . are only imperfectly correlated, and it is the latter

21  that ultimately counts."  Wilkins, 130 S. Ct. at 1178.  At the same time:

22          [N]ot "every malevolent touch by a prison guard gives rise to a
            federal cause of action."  [Hudson,]503 U.S. at 9, 112 S. Ct. 995.
23          "The Eighth Amendment's prohibition of 'cruel and unusual'
            punishments necessarily excludes from constitutional recognition
24          de minimis uses of physical force, provided that the use of force is
            not of a sort repugnant to the conscience of mankind."  Ibid. (some
25          internal quotation marks omitted).  An inmate who complains of a
            "push or shove" that causes no discernible injury almost certainly
26  ////

                                    5

1   fails to state a valid excessive force claim.  Ibid. (quoting Johnson
2   v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)).

3   Wilkins, 130 S. Ct. at 1178.  See also Hudson, 503 U.S. at 7-9; Martinez v. Stanford, 323 F.3d

4   1178, 1184 (9th Cir. 2003).

5        Should plaintiff decide to proceed with an excessive use of force claim based on

6   his retention in the holding cell, he must set forth factual allegations in support of such a claim

7   that, if proven, would meet the applicable legal standards set forth above.  See also Danley v.

8   Allen, 540 F.3d 1298, 1308 (11th Cir. 2008) ("[S]ubjecting a prisoner to special confinement that

9   causes him to suffer increased effects of environmental conditions . . . can constitute excessive

10   force."), overruled in part on other grounds in Randall v. Scott, 610 F.3d 701 (11th Cir. 2008);

11   Cornwell v. Dahlbert, 963 F.2d 912, 915 (6th Cir. 1992) (construing prisoner/plaintiff's claim as

12   an excessive force claim based on plaintiff's allegations that he was forced to lie face-down in

13   the mud in 40-44 degree temperatures).  As to the handcuffing while walking to administrative

14   segregation, plaintiff must set forth additional factual allegations to support an excessive force

15   claim with respect to that incident.  It is not clear from his complaint whether plaintiff is alleging

16   that the handcuffing caused him pain or injury or whether plaintiff is claiming that the

17   handcuffing was unnecessary or both.  It is also unclear from the allegations of his complaint

18   whether force was used to keep plaintiff walking as he made his was to administrative

19   segregation at the direction of correctional officers.  For both of these excessive use of force

20   claims, plaintiff must allege facts that explain how each named defendant was involved, the type

21   of force that was allegedly used, and show that each defendant intended to cause plaintiff harm

22   and was aware that plaintiff was in pain or discomfort as a result of their actions.

23        Finally, plaintiff is again advised that the Eighth Amendment and not Fourth

24   Amendment standards govern an excessive use of force claim brought by a convicted state

25   prisoner such as himself.

26   /////

6

### C.  Americans with Disabilities (ADA) Claim

It is also not made clear by plaintiff's complaint whether he is attempting to raise a separate ADA claim or is simply alleging facts with respect to his alleged disability in support of his Eighth Amendment claim in connection to his placement in the holding cell.  If plaintiff is attempting to allege a separate cause of action under the ADA, he is advised of the following applicable legal standards.

The Americans with Disabilities Act provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  To state a cognizable claim under the ADA a plaintiff must allege and ultimately prove that:  (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); see also Marsh v. Vegianelli, No. 1:09-cv-01243-GSA-PC, 2011 WL 1584444 (E.D. Cal. April 26, 2011) ("[I]n order to state a claim under the ADA . . ., Plaintiff must have been 'improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap.'") (citing Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997)).  Therefore, if plaintiff wishes to allege a cause of action under the ADA, in any amended complaint he elects to file he must  allege facts addressing each of these elements.

In addition, plaintiff is advised that the proper defendant with respect to any ADA claim he might bring is a public entity, such as the California Department of Corrections and Rehabilitation.  Individual defendants who evaluated or processed his inmate appeals or are policy-makers, are not a public entity and are not a proper party to an action under the ADA.  See Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

### D. Due Process Claim - False Rules Violation Report and Procedural Violations

1      Plaintiff also alleges in his complaint that the prison rules violation report issued

against him for making "false allegations against a peace officer" (Log No. S4-10-05-0285) was

"bogus" and that at the hearing on that disciplinary charge he was denied his rights to present a

defense, to the effective assistance of an investigative employee, to call and question witnesses,

and to have a timely hearing.  (Doc. No. 1 at 7 & 10.)[2]

     Plaintiff is advised that "inmates lack a separate constitutional entitlement to a

specific prison grievance procedure." Ramirez v. Galaza 334 F.3d 850, 860 (9th Cir. 2003)

(citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore, while plaintiff can

challenge his prison disciplinary conviction itself by way of federal habeas action after

exhausting his claim to relief before the highest state court, he cannot state a cognizable due

process claim concerning his disciplinary hearing in this civil rights action.

     To the extent plaintiff suggests in his complaint that the rules violation report

issued against him was falsified or unjustified, plaintiff is advised that such a claim would appear

to be barred by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United

States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly

unconstitutional conviction or imprisonment cannot be maintained absent proof "that the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486.  Where a

judgment in plaintiff's favor would necessarily invalidate his conviction or sentence the

complaint must be dismissed unless the plaintiff can show that the conviction or sentence has

been invalidated.  Id.  The holding in Heck applies in the context of prison disciplinary

convictions where the loss of good time credits is assessed.  See Edwards v. Balisok, 520 U.S.

___

[2] Plaintiff was allegedly found guilty of that disciplinary charge and assessed a 60-day loss of worktime credits.  (Doc. No. 1-1 at 29.)

641, 648 (1997) (claims for declaratory relief and money damages challenging prison disciplinary

hearing procedures were <u>Heck</u>-barred because the nature of the allegations, if proven, would

necessarily imply the invalidity of the result of the prison disciplinary hearing); <u>see</u> <u>also</u> <u>Smithart</u>

<u>v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) ("<u>Heck</u>, in other words, says that if a criminal

conviction arising out of the same facts stands and is fundamentally inconsistent with the

unlawful behavior for which section 1983 damages are sought, the 1983 action must be

dismissed.")  Thus, plaintiff may not pursue such a due process claim in a civil rights action until

he has been successful in having the prison rules violation conviction reversed, expunged or

declared invalid.

### E. First Amendment Claim - Retaliation[3]

Plaintiff also alleges that because he reported the sexual assault of inmate

Albertha to the sexual assault hotline and because he submitted a "group appeal" alleging staff

negligence in the suicide of inmate Brown, he has been subjected to retaliation by the defendants.

Plaintiff alleges that the specific retaliatory actions taken against him by the defendants involved

the withdrawal of money from his trust account, the issuance of false disciplinary reports against

him and a  recommendation that he be transferred to another facility.

Retaliation by a state actor for the exercise of a constitutional right is actionable

under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been

proper.  <u>Mt. Healthy City Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 283-84 (1977).  "Within the

prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) an

assertion that a state actor took some adverse action against an inmate[4] (2) because of (3) that

---

[3]  Plaintiff is advised that his retaliation claim is governed by First Amendment standards,
not the Fifth or Fourteenth Amendments as alleged in his complaint.

[4]  For purposes of evaluating a retaliation claim, an adverse action is action that "could
chill a person of ordinary firmness from continuing to engage in the protected activity[]."  <u>Pinard
v. Clatskanie School Dist.</u>, 467 F.3d 755, 770 (9th Cir. 2006).  <u>See also</u> <u>White v. Lee</u>, 227 F.3d
1214, 1228 (9th Cir. 2000).

prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  To show that the

adverse action was taken because of protected conduct[5], there must be evidence linking the

alleged retaliation to the exercise of a constitutional right.  See Mt. Healthy City School Dist. Bd.

Of Educ, 429 U.S. at 287 ("[I]n this case, the burden was properly placed upon [the plaintiff] to

show that his conduct was constitutionally protected, and that this conduct was a 'substantial

factor' or to put it in other words, that it was a 'motivating factor' in the [alleged retaliatory

conduct]"); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  However, retaliation may also

be inferred from the timing and nature of the alleged retaliatory activities.  Pratt, 65 F.3d at 808

(citing Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989)).

        The Ninth Circuit has found that preserving institutional order, discipline and

security are legitimate penological goals which, if they provide the motivation for an official act

taken, will defeat a claim of retaliation.  Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994);

Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first

amendment rights must be analyzed in terms of the legitimate policies and goals of the

correctional institution in the preservation of internal order and discipline, maintenance of

institutional security, and rehabilitation of prisoners.").  The burden is thus on plaintiff to allege

and demonstrate that legitimate correctional purposes did not motivate the actions by prison

officials about which he complains.  See Pratt, 65 F.3d at 808 ("[Plaintiff] must show that there

were no legitimate correctional purposes motivating the actions he complains of.").

/////

/////

---

[5] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts.  See Rhodes, 408 F.3d at 567.  Prison officials may not retaliate against prisoners for exercising these rights.  Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

1      Should plaintiff elect to proceed with a retaliation claim in this action, in any

2  amended complaint he elects to file he must allege facts clearly identify the defendants with

3  respect to such a claim, describing the protected conduct he was engaged in, demonstrating a link

4  between that protected conduct and the adverse action taken, and explaining how the defendants'

5  action failed to reasonably advance a legitimate correctional goal.

6      **F.  Placement and Retention in Administrative Segregation**

7      Finally, plaintiff alleges that his due process rights under the Fourteenth

8  Amendment were violated by his placement and retention in administrative segregation.

9  Plaintiff is advised that when prison officials determine that a prisoner should be segregated for

10  administrative reasons, due process requires the following minimal procedures:

11        Prison officials must hold an informal nonadversary hearing within
        a reasonable time after the prisoner is segregated.  The prison
12        officials must inform the prisoner of the charges against the
        prisoner or their reasons for considering segregation.  Prison
13        officials must allow the prisoner to present his views.

14        We specifically find that the due process clause does not require
        detailed written notice of charges, representation by counsel or
15        counsel-substitute, an opportunity to present witnesses, or a written
        decision describing the reasons for placing the prisoner in
16        administrative segregation.  We also find that due process does not
        require disclosure of the identity of any person providing
17        information leading to the placement of a prisoner in
        administrative segregation.

18

19  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  The retention of a prisoner in

20  administrative segregation must also be subject to periodic review.  Id. at 1101.  To state a

21  cognizable due process claim in this regard, however, plaintiff must allege facts in any amended

22  complaint he elects to files explaining how the named defendants' conduct failed to satisfy these

23  Fourteenth Amendment standards.

24  **III.  The Amended Complaint**

25      As noted above, if plaintiff chooses to file an amended complaint he must allege

26  facts demonstrating how the conditions complained of resulted in a deprivation of his federal

11

1  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

2  amended complaint must allege in specific terms how each named defendant was involved in the

3  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

4  some affirmative link or connection between a defendant's actions and the claimed deprivation.

5  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

6  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

7  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

8  F.2d 266, 268 (9th Cir. 1982).

9           Plaintiff is also informed that the court cannot refer to a prior pleading in order to

10  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11  complaint be complete in itself without reference to any prior pleading.  This is because, as a

12  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

13  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

14  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

15  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

16  **IV.  Conclusion**

17           Accordingly, IT IS HEREBY ORDERED that:

18           1.  Plaintiff's complaint is dismissed.

19           2.  Plaintiff is granted thirty days from the date of service of this order to file an

20  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

21  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

22  docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must

23  use the form complaint provided by the court and answer each question; failure to file an

24  amended complaint in accordance with this order will result in the dismissal of this action

25  without prejudice.

26  /////

1          3.  The Clerk of the Court is directed to provide plaintiff with a copy of the court's

2  form complaint for a § 1983 action.

3  DATED: April 8, 2013.

4

5

6  DAD:4
   jone633.14

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

13