UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JAMES JONES, | No. 2:12-cv-00633 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| A.Z. SCOTLAND, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

Defendants have filed a motion for relief from the provisions of Local Rule 230(l), on the grounds that plaintiff has been released from state prison and now resides in Sacramento, California.

Local Rule 230(l), entitled "Motions in Prisoner Actions," provides:

> All motions, except motions to dismiss for lack of prosecution, filed in actions where one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect,

> specifically designating the motion in question.  Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.  The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition.  All such motions will be deemed submitted when the time to reply has expired.

<u>Id.</u>  If the court were to grant defendants' motion, those provisions of Local Rule 230 that ordinarily apply in non-prisoner cases would henceforth apply to this action.  In particular, the parties would gain the ability to calendar motions for hearing before the undersigned, oppositions to such motions would be due fourteen days prior to the hearing date, and replies, if any, would be due seven days prior to the hearing date.

Plaintiff has filed an opposition in which he argues that because the action commenced subject to those provisions of the Local Rules that govern civil actions brought by prisoners, this action should continue to proceed under those provisions.  (ECF No. 34 at 1.)  Plaintiff also points out that many state prisoners are re-incarcerated shortly after having been released from custody, and consequently argues that "[t]his Court has hundreds of pending prisoner cases, and it would create an enormous burden, with little benefit, to change the designation of a case, along with the resultant procedural changes, with each change of a litigant's custody status."  (<u>Id.</u> at 2.)

In reply, defendants state that they seek relief only from the provisions of Local Rule 230(l), and concede that if plaintiff returns to custody, Local Rule 230(l) would again govern this action.

Having carefully considered the parties' arguments, the court determines defendants' motion to be meritorious, and accordingly, finds that Local Rule 230(l) no longer applies to this action.  In so deciding, the court recognizes that it may be difficult for plaintiff, given his disability and potential lack of access to transportation, to travel to the U.S. District Court in Sacramento for scheduled hearings in this case.  If travel to the court poses any difficulty, plaintiff is advised that he may appear for hearings by telephone by following the undersigned's Case Management Procedures, a copy of which will be served upon him together with this order.  Alternately, if plaintiff does not wish to make an appearance at a hearing (whether in person or by

2

telephone), he may file a notice so indicating with the court.

    For all of the reasons set forth above, IT IS HEREBY ORDERED that:

    1. Defendants' motion for an order finding Local Rule 230(l) no longer applicable to this action (ECF No. 33) is granted.

    2. Defendants' motion nunc pro tunc for a two-day extension of time to July 8, 2015 to file their reply (ECF No. 35) is granted.[1]

    3. The Clerk of the Court is directed to serve a copy of the undersigned's Case Management Procedures on plaintiff.

Dated: July 17, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
jone0633.lr230

---

[1] Defendants' reply to plaintiff's opposition was due on July 6, 2015. The reply was filed two days late, together with an accompanying motion nunc pro tunc for a two-day extension of time in which to file the reply.