UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JAMES JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A.Z. SCOTLAND, et al.,<br><br>　　　　Defendants. | No.  2:12-cv-0633-TLN-EFB P (TEMP)<br><br><br>MODIFIED DISCOVERY AND<br><br>SCHEDULING ORDER |

  Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 18, 2015, defendants filed a motion to modify the Discovery and Scheduling Order, which was issued on April 21, 2015.  Pursuant to that Order, the period for conducting discovery concluded on September 18, 2015, and the date by which dispositive motions were to be filed was November 20, 2015.  ECF No. 31.  In their pending motion, defendants assert that, despite their diligence in timely propounding written discovery, they were unaware of additional medical records until plaintiff's deposition, which was held just days before the discovery deadline.  Because plaintiff has declined to give his consent for the release of those records, defendants must now issue subpoenas duces tecum to third-parties.  Plaintiff has not filed an opposition to defendants' motion.

  A party seeking leave of court to amend the schedule of a case must satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party, *id.*, and the reasons for seeking modification, *c.f.*

1

*ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, defendants have exercised due diligence. On July 25, 2015, defendants served interrogatories and requests for production of documents seeking, *inter alia*, information relating to plaintiff's medical conditions. Goodwin Decl. ¶¶ 2-3, Exs. A-B. Plaintiff's responses did not describe or provide copies of documents related to medical care that he received following his release from prison, and defendants did not learn of plaintiff's post-release medical needs or care until his September 16, 2015, deposition. *Id.* ¶¶ 9-10. Due to plaintiff's failure to provide this information until the eve of the discovery deadline, the court finds that defendants have shown good cause for a modification of the Discovery and Scheduling Order.

Accordingly, IT IS HEREBY ORDERED that:

1. The discovery deadline is extended to April 29, 2016;
2. Dispositive motions shall be filed on or before June 29, 2016; and
3. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

DATED: April 7, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2